UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re
TRAIL MANAGEMENT, LLC
                             Debtor
_____/

MICHAEL KIM
           Plaintiff

V.

CATHERINE PEEK MCEWEN, WESTWATER CONSTRUCTION, INC., MARK S. MILLER, HUNTER W. CARROLL, SHIRIN MOHAMMEDBHOY VESELY, STEPHEN L. MEININGER, ERIC JACOBS, and STEPHANIE C. LIEB, Inclusive,
                Defendants.
_____/

Case No. 8:20-bk-00963-CPM

Chapter 7

Case No. 8:20-cv-2225-CEH

## TRAIL MANAGEMENT, LLC'S MOTION REQUESTING THIS COURT TO DISALLOW WESTWATER'S CLAIM

      On June 19, 2020, Trail Management, LLC ("TRAIL") filed TRAIL MANAGEMENT LLC'S OBJECTION TO WESTWATER'S PROOF OF CLAIM. See (Doc. 162) [**EXHIBIT A**]. A motion objecting to claim qualifies for the use of Negative Notice in the Middle District of Florida Bankruptcy Court. See Exhibit A attached hereto. In conformity with, Rule 2002-4, TRAIL gave WESTWATER CONSTRUCTION, INC. ("WESTWATER") the following required Notice:

-1-

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 30 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N Florida Ave, Tampa, FL 33602 and serve a copy on the movant's attorney, Frank S. Homsher, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

By Local Rule 2002-4, "The Court has established a list (the "Negative Notice List") of motions, objections, and other papers that may be considered by the Court without an actual hearing under the negative notice procedure described in this rule, if no party in interest files a response to the relief requested." Here, WESTWATER received the required 30-day notice for a Motion Objecting to Claim. See Exhibit A. In a bankruptcy proceeding, the debtor's filing of a negative notice effectively shifts the burden to the Creditor to now, it must overcome the debtor's objection to the claim. In re Pierce, 435 F.3d 891, 891 (8th Cir. 2006). If the creditor does not challenge or request a hearing, the bankruptcy court is free to disallow the claim. See Id.

WESTWATER had until July 19, 2020 to respond to TRAIL's well-reasoned objection. WESTWATER has failed to file a response even though it is nearly three (3) months past the 30-day deadline. Any response received by this Court after this Motion is filed should be disregarded.

-2-

WESTWATER has been empowered by the Bankruptcy Court, to avoid responding to the decisive argument in TRAIL's Objection to WESTWATER's claim. Through its discussions with the Internal Revenue Service, TRAIL knows that this argument is the one used by the Internal Revenue Service when it foreclosed upon the MORSE property and render WESTWATER a mere junior lien holder whose lien was Discharged at the foreclosure sale by operation of law, because WESTWATER failed to timely file a lis pendens under FS 713.22.

It would not be difficult to believe that WESTWATER knew that it has been asserting a phantom lien for these many years. WESTWATER remained silent over the years just as it did by not responding to TRAIL's motion to object.

As a matter of judicial economy and fairness, this Court should disallow WESTWATER's claim based on a lien that no longer exists because it failed to respond to TRAIL's Motion Objecting to WESTWATER's claim, and dismiss TRAIL's Chapter 7 case so that TRAIL can pursue WESTWATER and its owner in State Court for the massive damages it has caused TRAIL and MICHAEL KIM by litigating a phantom lien.

Dated October 21, 2020,

Respectfully Submitted,

*/s/ Frank S. Homsher*_____
WSBA #26935
Attorney for Debtor
Trail Management, LLC

## SUBJOINED DECLARATION OF FRANK S. HOMSHER

1. I am one of the attorneys representing Trail Management, LLC, a Delaware Limited Liability Company in these bankruptcy proceedings.

2. I am over 18-years of age and competent to testify to the following which is within my personal knowledge.

3. Each of the factual statements in the above motion are true and correct to the best of my knowledge.

4. I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2020.

                                                   */s/ Frank S. Homsher*
                                                   WSBA #26935
                                                   Attorney for Debtor TRAIL MANAGEMENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Court's CM/ECF system, which will send notice and a copy on all counsel of record.

Dated this October 21, 2020

                                                   /s/ Amber Robinson
                                                   Amber Robinson
                                                   Attorney for Trail Management